# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:11-cr-00140-RCJ-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | (Mtn to Reopen - Dkt. #26) |
| OREN SNOWDEN, | |
| Defendant. | |

This matter is before the court on Defendant Oren Snowden's Motion to Reopen Detention Hearing (Dkt. #24). The court has considered the Motion and the government's Response (Dkt. #26).

Snowden asserts that new information and a change of circumstances justify reopening his detention hearing. Specifically, his health and vision have deteriorated since being detained on April 13, 2011. Because he suffers from a cataract in his left eye and one forming in his right eye, his ability to read discovery and move about the detention facility is impaired. He also requires prescription eyeglasses, which he does not have at the detention facility. Additionally, he suffers from diabetes, high blood pressure, and low blood sugar, and on several occasions since being detained, has become incoherent and/or passed out. Snowden requests he be released to the halfway house under lock-down status with permission to leave for doctor's appointments and legal visits.

The government asserts Snowden was properly detained as a danger to the community at his initial appearance and that he has not presented new information or changed circumstances to justify reopening the detention hearing. The court was aware of Snowden's health issues at the time it ordered him detained. The government also represents that Snowden was scheduled to see an optometrist on June 27, 2011.

///

A detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(f). As the court noted in *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999), "courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." *Id*. at 1206.

Having reviewed defendant's Motion to Reopen Detention Hearing, the court Snowden has not met his burden of showing that information exists that was not known to him at the time of the hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required and the safety of the community.

Accordingly,

**IT IS ORDERED** that Snowden's Motion to Reopen Detention (Dkt. #24) is DENIED.

Dated this 30th day of June, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE